UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THIRAWAT ATHIKULRAT,<br><br>                Petitioner,<br><br>   v.<br><br>A. COOPER,<br><br>                Respondent. | CASE NO. 2:25-cv-00191-TMC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 29, 2025 |

Petitioner Thirawat Athikulrat is a federal prisoner confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Currently pending before the Court is Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he asserts that the Federal Bureau of Prisons ("BOP") failed to properly apply his earned First Step Act ("FSA") time credits to his sentence and early release. Dkt. 1. Upon consideration of the relevant record, the undersigned concludes the sole ground for relief outlined in the Petition is not ripe for adjudication and recommends this action be **DISMISSED without prejudice**.

**I.    BACKGROUND**

In February 2021, Petitioner pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute a controlled substance analogue, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 846. *See United States v. Bowles, et al.*, No. 4:19-cr-00752 (S.D.

REPORT AND RECOMMENDATION - 1

1   Tex., Feb. 10, 2021) (Dkt. 147). In August 2022, Petitioner was sentenced to a 63-month term of
2   confinement. *Id*. (Dkt. 329, judgment entered Sept. 12, 2022).

3   In its judgment, the sentencing court permitted Petitioner to self-surrender to the United
4   States Marshal in Los Angeles, California, on October 31, 2022. Dkt. 7 ¶ 3 (G. Cho Dec.); *see*
5   *also Bowles, et al.*, No. 4:19-cr-00752 at Dkt. 329. Petitioner was initially housed as a holdover
6   prisoner at the Metropolitan Detention Center in Los Angeles while he awaited designation and
7   transportation to a BOP facility where he would serve his federal sentence. Dkt. 7 ¶ 3. After
8   approximately six months on holdover status, Petitioner was designated and transferred to FDC
9   SeaTac on April 20, 2023. *Id*. Petitioner's current projected release date is June 8, 2026. *Id*. ¶ 4.

10  Petitioner filed the instant Petition on January 21, 2025, requesting that the Court award
11  him FSA credits for the holdover time period between his self-surrender to the BOP in Los
12  Angeles and his arrival at FDC SeaTac. Dkt. 3. According to Petitioner, he should receive an
13  additional 75 days of FSA credit "for the time spent awaiting transfer after sentencing and FDC's
14  delay in starting FSA." *Id*. at 4. Petitioner also contends that he will be immediately released to a
15  halfway house if this Petition is granted. *Id*. Finally, Petitioner claims he has attempted to
16  exhaust his administrative remedies "purely out of good faith," as "he is not legally required [to
17  do so]" due to the "difficulty of exhausting them at Sea-Tac." *Id*.

18  On March 7, 2025, the Court directed service of the Petition and ordered Respondent to
19  show cause why the Petition should not be granted. Dkt. 4. On March 27, 2025, Respondent filed
20  an Answer and Return, arguing the Petition should be dismissed—either for lack of jurisdiction
21  or for failure to exhaust administrative remedies—or denied on the merits. Dkt. 6. Petitioner filed
22  a Reply on May 1, 2025. Dkt. 8. Thus, the Petition is fully briefed and ready for consideration.

23
24

REPORT AND RECOMMENDATION - 2

## II. DISCUSSION

Petitioner contends he is entitled to an additional 75 FSA credits, which would result in his immediate release to a halfway house should the Petition be granted. Dkt. 3. In response, Respondent argues Petitioner is not entitled to federal habeas relief because: (1) Petitioner's sole ground for relief raised in the Petition is not yet ripe for adjudication; (2) Petitioner failed to fully exhaust his administrative remedies prior to filing the Petition; and (3) Petitioner has no statutory right to FSA credits for the period between his self-surrender and designation at a BOP facility. Dkt. 6.

### A. FSA Time Credits

Congress enacted the FSA on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. The FSA called for the implementation of a "risk and needs assessment" system to evaluate federal inmates' recidivism risk and included a directive to establish evidence-based recidivism reduction programs. 18 U.S.C. § 3632(a)–(b). The FSA also established various incentives for inmates to participate in its anti-recidivism programming. 18 U.S.C. § 3632(d). One such incentive was the awarding of "time credits" to "be applied toward time in prerelease custody or supervised release" upon eligible prisoners' successful completion of anti-recidivism programming. 18 U.S.C. § 3632(d)(4)(C).

There are at least two levels of eligibility for this incentive. A prisoner must first be eligible to earn FSA time credits; those prisoners who are ineligible to earn FSA time credits through recidivism programming are outlined in 18 U.S.C. § 3632(d)(4)(D). Eligible prisoners can earn ten days of FSA time credits for every thirty days of successfully completed anti-recidivism programming. 18 U.S.C. § 3632(d)(4)(A)(i). An additional five days of FSA time credits can be earned for the same programming if (1) the BOP assesses an eligible prisoner's

risk of recidivating as "minimum" or "low" and (2) that prisoner has maintained or decreased their recidivism risk over two consecutive BOP assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

At the second level of eligibility, a prisoner must be eligible to apply their earned credits to early release; the eligibility requirements for applying earned credits are outlined in 18 U.S.C. § 3624(g)(1) and include that the prisoner "has earned time credits under the risk and needs assessment system . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." *Id.* at § 3624 (g)(1)(A). Section 3624 (g)(1)(A)'s eligibility requirement prevents the premature application of credits in the event a prisoner fails to maintain all earned credits, which may be lost through misconduct. *See Milchin v. Warden*, No. 3:22-cv-195-KAD, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (citing 28 C.F.R. §§ 523.43 and 541.3).

As explained below, failure to afford a fully eligible prisoner the benefit of their earned FSA time credits may give rise to habeas relief, but such a claim must be ripe for review.

**B.      Ripeness**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and a claim's ripeness for review is one component of this limited jurisdictional, *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). Whereas other jurisdictional requirements concern whether, where, and by whom a case may be brought, "ripeness addresses *when* litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original).

The concept of ripeness is best defined in the negative: "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations and citations omitted). When a claim challenges an administrative decision (such as the calculation of early

release under the FSA), the ripeness doctrine prevents "courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies." *Nat'l Park Hosp. Ass'n v. Dept' of Interior*, 538 U.S. 803, 807 (2003) (quoting *Abbot Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). It also shields "agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* at 807–08 (quoting *Abbot Labs*, 387 U.S. at 148–49).

When applying ripeness principles to habeas petitions seeking early release for earned FSA time credits, "[f]ederal courts around the country read Section 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits only once an inmate has earned enough [credits] that equal the remainder of [their] sentence." *Adkins v. Engleman*, No. 22-cv-1988-JLS-MRW, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022) (quotation and citation omitted); *Turner v. Heisner*, 22-cv-00178-PHX-JAT, 2022 WL 2195348 at *3 (D. Ariz. May 16, 2022), *report and recommendation adopted*, 2022 WL 2192212 (D. Ariz. June 17, 2022). In other words, a habeas claim alleging the BOP miscalculated FSA time credits is ripe for review only if a favorable disposition of the claim would result in the petitioner's imminent release.

Petitions alleging unripe FSA claims should be dismissed with the right to refile once ripe. *See Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. June 29, 2022) ("[S]ince Petitioner's FSA credits do not equal the remainder of her sentence, it would be inappropriate for the court to direct the BOP to adjudicate the credits at this time."). Though perhaps inconvenient for litigants, it has been observed that dismissing unripe petitions avoids the issuance of advisory opinions directing the release of a prisoner who may or may not maintain their earned FSA time credits. *See Tran v. Thompson*, No. 2:21-cv-1707, 2022 WL 2672478, at *2 (E.D. Cal. 2022));

*Patrick v. Heckard*, No. 5:23-cv-00234, 2024 WL 770631, at *4 (S.D.W.Va. Jan. 26, 2024), *report and recommendation adopted*, 2024 WL 767179 (S.D.W.Va. Feb. 22, 2024). For this and similar reasons, several courts have noted that dismissing FSA claims filed by petitioners who are not yet eligible to apply earned credits to early release is prudent and supported by "common sense." *Id.*; *Adkins*, 2022 WL 14966123, at *2; *Milchin*, 2022 WL 1658836, at *3.

The record shows that, as of March 13, 2025, Petitioner earned 315 days of FSA time credits, making his projected release June 8, 2026. Dkt. 7-1 (FSA Time Credit Assessment); *see also* Dkt. 7 ¶ 5. The parties largely agree that, if successful in this action, Petitioner's total amount of earned credits would increase by 60 to 75 days. *Compare* Dkt. 6 at 6–7 (60 days of additional credits) *with* Dkt. 3 at 4 (75 days of additional credit). Assuming these additional credits are retained until Petitioner is eligible for early release, Respondent calculates Petitioner's earliest possible release date as sometime in early April 2026. Dkt. 6 at 7. Because this date is still approximately eleven months away, Respondent asserts Petitioner's FSA claim is unripe and must be dismissed. *Id.* at 6–7.

Because his earliest possible release date is still far in the future, Petitioner is not yet eligible to have any earned FSA time credits applied to early release. Therefore, even a favorable disposition of his claim would not result in his imminent release, making his FSA claim unripe.

Having found that Petitioner's sole ground for relief is not yet ripe for adjudication, the undersigned declines to consider the parties' other arguments.

### III.    CONCLUSION

For the above-stated reasons, the Court recommends the federal habeas Petition (Dkt. 3) be **DISMISSED without prejudice**.

REPORT AND RECOMMENDATION - 6

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 29, 2025, as noted in the caption.

Dated this 14th day of May, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7